PROVOSTY, J., takes no part, not having heard the argument.

(52 South. 781.)

No. 17,988.

McQUEEN et al. v. FLASDICK-BLACK LAND & LUMBER CO., Limited, et al.

(May 23, 1910.   Rehearing Denied June 28, 1910.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§§ 874, 1119*)—PARTIES—MISJOINDER—SEPARATE JUDGMENTS.

Plaintiff, alleging that she is the owner and legal and rightful possessor of a certain tract of land, and that the corporation holding an adverse title is not in possession, prays that said corporation and its authors in title (naming them) be cited, and that she have judgment recognizing her "as the owner and legal possessor" of said tract, and ordering the cancellation of the chain of adverse titles held by, and acquired from, the parties made defendant. On an exception of improper cumulation of action and motion to require plaintiff to elect, the trial court held that the action is petitory, and overruled said exception and motion, and on the following day it maintained an exception of misjoinder of defendants and dismissed the suit as to all defendants save the alleged immediate holder of the adverse title. Plaintiff appealed from the judgment last mentioned. *Held*, in view of the judgment, unappealed from, holding the action to be petitory, the judgment appealed from is correct. in so far as it dismisses the suit against defendants, not alleged to be in actual possession; and in so far as it maintains the suit against the one defendant, holding the adverse title, it must be affirmed because no one complains of it.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. §§ 874, 1119.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Action by M. W. McQueen and others against the Flasdick-Black Land & Lumber Company, Limited, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Clay Elliott and W. S. Rownd, for appellants. B. B. Purser, for appellee Flasdick-Black Land & Lumber Co. R. C. & S. Reid, for other appellees.

### Statement of the Case.

MONROE, J. Plaintiff Mrs. McQueen alleges: That she "is the owner and legal and rightful possessor" of a certain tract of land in the parish of Tangipahoa. That the same was devised to her by George Colmer, whose will was probated in 1878 and recorded in Tangipahoa in 1909. That Colmer acquired the land by patent from the state, issued to him as the representative of Denis Lary and John Cottar, which patent was recorded in 1909, and that he owned and possessed said land at the time of his death by virtue of said patent and also under a title from Samantha Manning, recorded in 1863. That petitioner's sister, Mrs. Davidson, has an interest and joins in this suit. That they have recently learned that the Flasdick-Black Land & Lumber Company, Limited, is asserting title to said land, said to have been acquired from the Flasdick-Rexman Lumber Company, Limited, by deed recorded in 1906. That the Flasdick-Rexman Company asserted a title to said land, said to have been acquired from Martin Haney, who asserted title under deed from William A. Chambers, who asserted title under deeds from Denis Lary and John Cottar, which deeds she alleges (for reasons assigned) to be of no effect. That Chambers and Haney and those buying under them are chargeable with bad faith, because they knew, or ought to have known, that a patent

had been issued to Colmer as the legal representative of Lary and Cottar. That the land in question is unimproved and uninclosed and covered with virgin timber. That the Flasdick-Black Land Company is not in possession thereof. That the adverse titles mentioned constitute an attack upon, and a denial of, the title of petitioner, and a defamation of, and cloud upon, the same, which renders this action necessary.

That Martin Haney died, leaving a will whereby he appointed John Saal his executor and made him a remunerative legacy, which Saal accepted, but that Saal instituted other heirs (and the petition names them, and alleges that they reside out of this state), and that the whereabouts of Lary and Cottar are unknown. Petitioner prays that a curator ad hoc be appointed to represent the heirs of Martin Haney, and that they and the various others mentioned in the petition be cited, etc., and that there be judgment against them, recognizing her "as the owner and legal possessor of the tract of land above described * * * and ordering her title to be cleared," and said titles from Lary and Cottar to Chambers, from Chambers to Haney, from Haney to the Flasdick-Rexman Company, and from the latter to the Flasdick-Black Land Company to be erased from the records.

The Flasdick-Black Land, etc., Company, first, prayed oyer of the titles sued on, and then excepted, alleging that plaintiffs have attempted to cumulate a petitory action with an action of jactitation, and praying that they be ordered to elect. Other defendants excepted, on the same ground, and the further ground that there is misjoinder of defendants, between whom there exists no privity of contract, obligation or blood, and the Flasdick-Black Land, etc., Company, joined in said last-mentioned exception.

The judge a quo as to all the defendants, save the Flasdick-Black Land Company, maintained the exception of misjoinder of parties, and dismissed the suit, and as to said company overruled the exception. The other exception and motion to elect (on the ground of improper cumulation) was also overruled. Plaintiffs have appealed.

## Opinion.

Since the appeal Mrs. McQueen has departed this life and Miss Sophia Augusta McQueen, as her daughter and sole heir, has been made party plaintiff in her stead. The trial judge overruled defendants' motion to require plaintiffs to elect on the ground that the action is petitory. But the petitory action "must be brought against the person who is in actual possession of the immovable, even if the person having the possession be only the farmer or lessee." Code Prac. art. 43.

To this has been added the act No. 38 of 1908 (page 38), which authorizes an action "to establish title to real estate, where none of the parties are in actual possession."

In the instant case plaintiffs allege possession in themselves, but, as they do not allege that their possession is "actual," and do allege that the present holder of the adverse title (the Flasdick-Black Land Company) is not in possession, we should be inclined to think that the action might fall under the statute of 1908 as "an action to establish title to real estate." From the judgment on that question, however, no appeal has been taken and no amendment of the judgment has been asked, plaintiffs' motion for appeal specifying the judgment on the exception of misjoinder as that by which they are aggrieved.

Since the trial judge has held that the action is petitory and no one complains of his judgment, we are constrained to deal with the question here presented from that point of view.

The defendants do not, however, complain

of the judgment from which the appeal was taken, and the plaintiffs complain of it only in so far as it dismisses the suit against the others, but do not complain of its holding the Flasdick-Black Land, etc., Company, as a defendant. As matters stand, therefore, the ruling brought up by the appeal of which plaintiffs complain must be sustained, since the ruling of the trial judge that the action is petitory is not before us for review, and the defendants as to whom the suit has been dismissed are not alleged to be in actual possession. The same thing is true of the Flasdick-Black Land Company, but no one is asking that the judgment appealed from be reversed or amended so far as that company is concerned.

Counsel for plaintiffs argue in their brief as though appeals had been taken from the judgments on both exceptions, or as though the one appeal taken by them had brought up both of those judgments. But the record shows that on November 8th "court overruled motion to elect, on the ground that the plaintiffs' suit is a petitory action"; that on November 9th the exception of misjoinder of parties was heard, and, after hearing, it was ordered "that said exception, as to the Flasdick-Black Land Company, Limited, be * * * overruled, and as to" (the other defendants, naming them) "the said exception is hereby maintained, and as to them this suit is dismissed at plaintiffs' cost," and that on the same day (November 9th) plaintiffs filed their motion for appeal, "suggesting to the court that plaintiffs are aggrieved by the judgment rendered herein on this day on the exception of the misjoinder," etc., and thereon obtained the order of appeal, by virtue of which, and of which alone, they are now before this court. The only thing that can be done here therefore is to affirm the judgment appealed from, and the judgment appealed from is accordingly

Affirmed.